IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENNETH WAYNE KVASNIKOFF,<br><br>                     Plaintiff,<br><br>              v.<br><br>JUDGE SEIFERRT,<br><br>                     Defendant. | Case No. 3:21-cv-00253-SLG-KFR |

### **REPORT & RECOMMENDATION**[1]

On November 15, 2021, Kenneth Wayne Kvasnikoff, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983.[2] On November 22, 2021, the Court issued an Order Re: Deficient Filing, which provided instructions on how to file an application to waive prepayment of the filing fee or to pay the filing fee, in order to properly commence

---

[1] Under 28 U.S.C. § 636(b)(1), a District Court may designate a magistrate judge to hear and determine any pretrial matter pending before the Court. Under the same provision, a district court judge may reconsider any pretrial matter where it has been shown the magistrate judge's order is clearly erroneous or contrary to law. Within fourteen days after being served with a copy of a magistrate judge's order, any party may serve and file written objections. Objections and responses shall not exceed five (5) pages in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. A District Court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment. See *Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).
[2] Docket 1.

a civil action.³ On December 3, 2021, Plaintiff filed a "Prisoner's Application to Waive Prepayment of the Filing Fee."⁴

The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A and recommends this action be **DISMISSED WITH PREJUDICE.**

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.⁵

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."⁶ In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.⁷ Before a court may dismiss any portion

---

³ Docket 2.
⁴ Docket 3.
⁵ 28 U.S.C. § 1915A.
⁶ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).
⁷ *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[9]

## DISCUSSION

### I. Complaint

Plaintiff alleges that in October 2019, Defendant Judge Seifert[10] violated his right to bail under the Eighth Amendment of the United States Constitution.[11] Plaintiff alleges that at his "first bail review" hearing, Defendant made a ruling requiring a third-party custodian as a bail condition.[12] At Plaintiff's "second bail review" hearing, Defendant added an additional provision of electronic monitoring,

---

[8] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[10] The Court takes judicial notice of the correct spelling of Judge Seifert's last name. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019). The Court also notes that the record for Plaintiff's pending state criminal matter, *State of Alaska v. Kenneth Wayne Kvasnikoff,* Case No. 3HO-19-00261CR, does not indicate that he made any appearances before Judge Seifert in October 2019. Rather, Plaintiff made his initial appearances in his state case starting in August 2019 before other state court judges assigned to the Kenai and Homer courthouses. The docket indicates that a single bail hearing occurred before Judge Gist on October 27, 2019. ("Events: 11/27/2019 Bail Hearing: Superior Court (In Custody)"). The case was then administratively reassigned to Judge Seifert on March 6, 2020. ("Docket: 03/06/20 Administrative Reassignment from Judge Jason M Gist to Judge Bride A Seifert"). Following the reassignment, Plaintiff filed multiple motions for bail that Judge Seifert considered.

[11] Docket 1 at 3.

[12] Docket 1 at 3.

but rejected Plaintiff's preferred monitoring service.[13] Plaintiff asserts that he is entitled to reasonable bail under the Alaska and United States Constitutions.[14] For relief, Plaintiff requests (1) attorney's fees; (2) an order for Defendant to reconsider bail; (3) a declaration of "due process time served;" and (4) to "expedite consideration."[15]

The Court takes judicial notice of Plaintiff's ongoing state criminal matter, *State of Alaska v. Kenneth Wayne Kvasnikoff*, Case No. 3HO-19-00261CR.[16] On August 12, 2019, the State of Alaska charged Plaintiff with eight felony and misdemeanor counts, including Assault in the Fourth Degree, Interference with Reporting a Domestic Violence Crime, Weapons in the House of a Felon, Tampering with Evidence, and Cruelty to Animals.[17] Plaintiff was arraigned on August 13, 2019, and released on bail on January 27, 2020.[18] After a change of plea,[19] Plaintiff was

---

[13] Docket 1 at 3.
[14] Docket 1 at 3.
[15] Docket 1 at 6.
[16] *See supra* note 8; *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.
[17] *State of Alaska v. Kenneth Wayne Kvasnikoff,* Case No. 3HO-19-00261CR, Party Charge Information, Counts 1–8.
[18] *State of Alaska v. Kenneth Wayne Kvasnikoff,* Case No. 3HO-19-00261CR ("Events: 08/13/2019 Arraignment, Attorney Appointed & 08/27/2019 Arraignment, Hearing Held") and docket entry dated January 27, 2020 ("Bail Info: $1500 Cash Performance Bond Concurrent with 3KN-17-01219CR . . . Bond Status: Posted/Concurrent").
[19] *State of Alaska v. Kenneth Wayne Kvasnikoff,* Case No. 3HO-19-00261CR ("Events: 10/14/2021 Change of Plea, Hearing Held").

released on bail again on December 15, 2021,[20] pending sentencing which is currently scheduled for June 28, 2022.[21]

## II. Civil Rights Claims Under 42 U.S.C. § 1983

42 U.S.C. § 1983 permits an individual to sue for a violation of constitutional or civil rights in federal court. 42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[22] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[23]

A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[24] Additionally, a defendant must be eligible for suit.

A state court judicial officer is a state actor. However, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for

---

[20] *State of Alaska v. Kenneth Wayne Kvasnikoff,* Case No. 3HO-19-00261CR, docket entry dated December 15, 2022 ("Bail Info: $1000.00 Cash Performance concurrent with 3KN-17-1219CR . . . Bond Status: Posted/Concurrent").
[21] *State of Alaska v. Kenneth Wayne Kvasnikoff,* Case No. 3HO-19-00261CR ("Events: 06/28/2022 Sentencing Hearing").
[22] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).
[23] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).
[24] *West*, 487 U.S. at 49 (internal citations omitted); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

acts performed in their official capacities."[25] Moreover, judicial immunity extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity.[26] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[27]

Defendant Seifert is a judicial officer in the Alaska Superior Court and is the presiding judge in Plaintiff's ongoing state court criminal matter. The Complaint seeks damages and injunctive relief due to Defendant's judicial rulings about Plaintiff's bail conditions, acts performed in Judge Seifert's official capacity. Defendant Seifert is therefore immune as a matter of law and cannot be sued under 42 U.S.C. § 1983.

//

//

//

//

//

---

[25] *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." *Ashelman*, 793 F.2d at 1076.
[26] 42 U.S.C. § 1983.
[27] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

## CONCLUSION

Plaintiff fails to plead the requirements of a civil rights action under 42 U.S.C. § 1983 and therefore fails to state a claim upon which relief may be granted. No defendant may be substituted under these facts; therefore, amendment is futile.[28]

**IT IS THEREFORE RECOMMENDED:**

1. This action should be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted and the futility of amendment.

2. All pending motions should be **DENIED AS MOOT**.

3. A dismissal under these circumstances should be a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S.Ct. 172 (2020).[29]

4. The Clerk of Court should issue a final judgment.

DATED this 8th day of February, 2022 at Anchorage, Alaska.

s/ Kyle F. Reardon
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

---

[28] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). The fact that Plaintiff may have misstated the date of his first bail hearing, or may have misidentified the judge who conducted that hearing, does not change the conclusion that amendment of his complaint would be futile. Whether the judge who denied him bail is Judge Seifert or Judge Gist, or whether those actors denied him bail in October 2019 or at some other date, the analysis remains the same. Both individuals are judicial officers performing acts that are part of their official duties and are therefore immune from suit.

[29] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."